**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA 57501-2463**

IRVIN N. HOYT
BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560
FAX (605) 224-9020

December 6, 2005


Rick A. Mickelson, Esq.
Attorney for Plaintiff
300 N. Dakota Ave., Suite 603
Sioux Falls, South Dakota  57104

Douglas G. Lorenzen, Esq.
Attorney for Defendant-Debtor
P.O. Box 84435
Sioux Falls, South Dakota 57118

    Subject:  ***Stepp v. Fuller***
                  ***(In re Rebecca K. Fuller)***
                  Adv. No. 05-4068
                  Chapter 7; Bankr. No. 05-40690

Dear Counsel:

    The matter before the Court is Plaintiff Scott Charles Stepp's motion for summary judgment. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052. As set forth below, Plaintiff's motion will be granted.

    **Facts.** In her answer to Plaintiff's complaint herein, Debtor admitted, *inter alia*, the following facts:

        (1)  While a passenger in an automobile being driven by Debtor, Plaintiff sustained serious personal injuries.

        (2)  Debtor was cited in the accident for driving under the influence of intoxicants.

        (3)  Debtor was subsequently charged with driving under the influence of intoxicants.

        (4)  Debtor pled guilty to the charge of driving under the influence of intoxicants.

>    (5)   Debtor was sentenced by the Honorable Patricia C. Riepel.
>
>    (6)   Plaintiff has commenced a civil action in state court to recover damages from Debtor.

**Dischargeability**. A chapter 7 discharge does not discharge an individual debtor from any debt "for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance[.]"  11 U.S.C. § 523(a)(9).

> Section 529(a)(9) of the Bankruptcy Code prevents the discharge of any debt for personal injury caused by the Debtor's operation of a motor vehicle, if such operation was unlawful because of the Debtor's intoxication.

*Boone v. Barnes* (*In re Barnes*), 266 B.R. 397, 402 (B.A.P. 8th Cir. 2001).

**Summary Judgment**. Summary judgment is appropriate when "there is no genuine issue [of] material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(c). An issue of material fact is *genuine* if it has a real basis in the record. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (quotes therein). A genuine issue of fact is *material* if it might affect the outcome of the case. *Id.* (quotes therein).

The matter must be viewed in the light most favorable to the party opposing the motion. *F.D.I.C. v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997); *Amerinet, Inc. v. Xerox Corp.*, 972 F.2d 1483, 1490 (8th Circ. 1992) (quoting therein *Matsushita Elec. Industrial Co. v. Zenith Radio*, 475 U.S. 574, 587-88 (1986), and citations therein). Where motive and intent are at issue, disposition of the matter by summary judgment may be more difficult. *Cf. Amerinet*, 972 F.2d at 1490 (citation omitted).

The movant meets his burden if he shows the record does not contain a genuine issue of material fact and he points out that part of the record that bears out his assertion. *Handeen v. LeMaire*, 112 F.3d 1339, 1346 (8th Cir. 1997) (quoting therein *City of Mt. Pleasant v. Associated Electric Coop*, 838 F.2d 268, 273, (8th Cir. 1988). No defense to an insufficient showing is required. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 156 (1970) (citation therein); *Handeen*, 112 F.3d at 1346.

If the movant meets his burden, however, the non movant, to defeat the motion, "must advance specific facts to create a genuine

issue of material fact for trial." *Bell*, 106 F.3d at 263 (quoting *Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 64 F.3d 1202, 1211 (8th Cir. 1995)). The non movant must do more than show there is some metaphysical doubt; he must show he will be able to put on admissible evidence at trial proving his allegations. *Bell*, 106 F.3d 263 (citing *Kiemele v. Soo Line R.R. Co.*, 93 F.3d 472, 474 (8th Cir. 1996), and *JRT, Inc. v. TCBY System, Inc.*, 52 F.3d 734, 737 (8th Cir. 1995).

**Discussion**. The relevant facts are not in dispute. Debtor admits Plaintiff sustained serious personal injuries while a passenger in an automobile being driven by Debtor. Debtor also admits she was cited for, was charged with, pled guilty to, was convicted of, and was sentenced for driving under the influence of intoxicants. Plaintiff has met his burden of showing the record does not contain a genuine issue of material fact and pointing out the part of the record that bears out his assertion.

Debtor must therefore advance specific facts to create a genuine issue of material fact for trial. In her response to Plaintiff's motion for summary judgment, Debtor argues the Court cannot grant summary judgment because Plaintiff has failed to state a "specific dollar amount of damages." The Court disagrees. Section 523(a)(9) requires only a "debt." The bankruptcy code defines a debt as "liability on a claim." 11 U.S.C. § 101(12). The bankruptcy code defines a claim as a –

> right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured . . . .

11 U.S.C. § 101(5)(A). Plaintiff's claim may be unliquidated and disputed, but it is clearly a claim and thus clearly a debt.[1]

---

[1] Any argument that Plaintiff's claim must be reduced to judgment to be nondischargeable was disposed of by the 1990 amendment to § 523(a)(9).

> The original language of § 523(a)(9) excepted from discharge a debt "to the extent that such debt arises from a judgment or consent decree . . . as a result of the debtor's operation of a motor vehicle while legally intoxicated." Congress subsequently rewrote subsection (a)(9) to except from discharge a debt "for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated. The Congressional Record explains that the new language was intended to close the

Debtor also argues that if Plaintiff were to accept the policy limits of Debtor's liability insurance, Plaintiff would be required by Debtor's insurer to release Debtor, leaving Plaintiff with no claim against Debtor. While undeniably true, this argument does not create a genuine issue of material fact. Debtor does not claim Plaintiff *has* accepted the policy limits or released Debtor. Unless and until that happens, Plaintiff holds a claim against Debtor.

Finally, Debtor argues that if Plaintiff's civil suit goes to trial, the jury could award Plaintiff zero damages. This, too, is undeniably true. However, this argument does not create a genuine issue of material fact, either. Debtor does not claim a jury *has* awarded Plaintiff zero damages. Again, unless and until that happens, Plaintiff holds a claim against Debtor.

Debtor has failed to advance specific facts to create a genuine issue of material fact for trial. Plaintiff is entitled to judgment as a matter of law. Plaintiff's motion for summary judgment will therefore be granted. The Court will enter an appropriate order and judgment.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

DEC 06 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By_____

INH:sh

cc: adversary file (docket original; serve parties in interest)

---

loophole which allowed drunk drivers to escape payment to their victims prior to entry of a judgment or consent decree.

*In re Weilein*, 319 B.R. 175, 178 (Bankr. N.D. Iowa 2004) (citations omitted). Even prior to 1990, Courts went to great lengths to avoid discharging such claims solely on the basis they had not been reduced to judgment. *See, e.g., Jones v. Hager (In re Jones)*, 80 B.R. 974, 975-76 (W.D. Mo. 1987) (refusing to impose a requirement that the judgment required by § 523(a)(9) (as then written) had to have been obtained pre-petition); *Thomas v. Ganzer (In re Ganzer)*, 54 B.R. 75, 76-77 (Bankr. D. Minn. 1985) (same).

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0869-4<br>Case 05-04068<br>South Dakota<br>Southern (Sioux Falls)<br>Tue Dec  6 12:49:29 CST 2005 | Fuller Rebecca K.<br>1208 East 16th St. #3<br>Sioux Falls, SD 57104 | Hoyt Irvin N. |
| Lorenzen Douglas G.<br>PO Box 84435<br>Sioux Falls, SD 57118 | Mickelson Rick A.<br>300 N. Dakota Ave., Suite 603<br>Sioux Falls, SD 57104-6040 | Stepp Scott Charles<br>Bad Address (9/22/05) |

End of Label Matrix
Total addresses 5